# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DERRICK D. MCGREGORY, SR.,**
               **Plaintiff,**


          **v.**                              **Case No. 18-CV-25**


**THOMAS OZELIE,** *et al.,*
                    **Defendants.**

---

# ORDER

---

On January 5, 2018, plaintiff Derrick D. McGregory filed a *pro se* complaint, using the non-prisoner complaint form, alleging that the defendants violated his civil rights at the Milwaukee District 3 Police Department. (ECF No. 1.) The court screened the complaint and allowed McGregory to proceed with a claim that the two named defendants used excessive force and failed to provide medical care, in violation of the Fourteenth Amendment. (ECF No. 5 at 5-6.) The court set a scheduling conference for April 25, 2018, but McGregory did not attend because he was incarcerated in another matter. (ECF Nos. 13, 16.)

Upon learning that McGregory was incarcerated, the court reviewed a letter that McGregory had sent on January 5, 2018 (the day he filed the lawsuit), which stated, inconsistently with his having filed the lawsuit using the non-prisoner complaint form,

"I am currently incarcerated." (*See* ECF No. 3 and ECF No. 16 at 2.) Based on this letter, the court concluded that the Prison Litigation Reform Act ("PLRA") applied to this case and issued an order to that effect. (ECF No. 17.) The order waived the initial partial filing fee that is required by the PLRA but ordered the agency having custody of McGregory to collect the $350 balance of the filing fee through automatic deductions from his prisoner account. (*Id*. at 2.)

McGregory then filed: (1) a proposed amended complaint, (2) a "motion to appoint counsel and motion to add party;" and (3) a "motion for reconsideration of order requiring payment of the full filing fee." (ECF Nos. 19-20 and 22.) This order resolves the pending motions.

1. Motion to Appoint Counsel

McGregory explains, "I would really like for the courts to grant me [an attorney]." (ECF No. 20 at 1.) He provides no other information. (*Id*.)

In a civil case the court has discretion to recruit counsel for an individual unable to afford one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). The plaintiff must first make reasonable efforts to hire counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). In this district's "Answers to Prisoner Litigants' Common Questions," it states, "[b]efore the court will consider trying to find an attorney to volunteer to represent a litigant in a civil action, the litigant must attempt to find an attorney on his

or her own." That generally means that a plaintiff must contact at least three attorneys and provide the court with (1) the attorneys' names, (2) their addresses, (3) the date and way the plaintiff attempted to contact them, and (4) the attorneys' responses.

After the plaintiff demonstrates that he has made a reasonable attempt to hire counsel on his own, the court then decides "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). The court looks not only at a plaintiff's ability to try his case but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." *Id.* "[D]eciding whether to recruit counsel 'is a difficult decision:  Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

Most incarcerated litigants who file civil lawsuits ask for counsel. The court cannot appoint counsel for every incarcerated person who asks. Therefore, it must ensure that each litigant does what is required of him before the court attempts to recruit counsel for him. McGregory has not yet established that he has made reasonable attempts to recruit counsel on his own. He also has not explained why he cannot

present this case on his own. Therefore, the court will deny without prejudice his motion to appoint counsel.

2. Motion to Add Party

McGregory explains that "due to these defendants working for the City of Milwaukee Police Department, I would like them added to the suit." (ECF No. 20.) It is unclear who "these defendants" refers to. (*See id*.) McGregory's proposed amended complaint includes facts and allegations against the two defendants (Thomas Ozelie and Allen Tenhaken) mentioned in his original complaint as well as "Lt./Srt. Perry." (ECF No. 19 at 11-12.) The caption of the proposed amended complaint names Ozelie, Tenhaken, and "City of Milwaukee Police Department" as defendants. (*Id*.)

The "City of Milwaukee Police Department" does not have the capacity to be sued under § 1983 because it is not a legal entity separate from the city it serves. *See Averhart v. City of Chicago,* 114 Fed. Appx. 246, 247 (7th Cir. 2004). Further, "Lt./Srt. Perry" is not named in the caption a defendant. Therefore, the court will deny McGregory's motion to add party. If McGregory wants to add "Lt./Srt. Perry" as a defendant, he should file a motion with the court specifically asking to add "Lt./Srt. Perry" as a defendant. The court will allow McGregory to do so without attaching a second proposed amended complaint to his motion.

3. Motion for Reconsideration of Order Requiring Payment of Full Filing Fee

McGregory also asks the court to "reverse" its order requiring him to pay the full civil case filing fee. (ECF No. 22.) He states that he should "only be obligated to pay the partial filing fee and not the entire $350.00" because he was not incarcerated at the time he filed his complaint. (*Id*.) McGregory attaches a document entitled "Revocation Order and Warrant" to prove that he was not incarcerated when he filed his complaint. (ECF No. 20-1.)

All litigants (regardless of whether the PLRA applies to them) are required to pay the full civil case filing fee. *See* 28 U.S.C. § 1915. The court can waive *prepayment* of the filing fee (meaning that an individual need not pay the entire filing fee at the time the case is filed) but no litigant has the option to proceed in federal court by only paying a "partial filing fee." § 1915(a)(1)-(b).

To the extent McGregory wants the court to reverse its order imposing automatic deductions to pay the filing fee, he will have to do more than provide his "Revocation Order and Warrant." The revocation order only shows that the Department of Corrections ("DOC") revoked his probation on January 8, 2018. It is common for individuals to be in custody at a jail prior to the date of revocation. Indeed, the DOC often decides to revoke probation because an individual has been picked up by law enforcement and placed in custody for a different reason. The revocation order does not establish that McGregory was not incarcerated at the time he filed the complaint.

If McGregory wants the court to reverse its order imposing automatic deductions to pay the filing fee, he will have to provide the court with more information on when he was physically taken into custody and why his letter stated that he was "currently incarcerated," as of January 5, 2018. The court warns McGregory that it expects candor from all litigants. Misrepresentations to the court to avoid paying the filing fee can result in dismissal of the case as a sanction. Accordingly, the court will deny without prejudice his "motion for reconsideration of order requiring payment of the full filing fee."

The court **DENIES** without prejudice the plaintiff's motion to appoint counsel and motion to add party. (ECF No. 20.)

The court **DENIES** without prejudice the plaintiff's motion for reconsideration of order requiring payment of full filing fee. (ECF No. 22.)

Dated at Milwaukee, Wisconsin this 23rd day of May, 2018.

WILLIAM E. DUFFIN
U.S. Magistrate Judge